UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 29, 2016

LETTER TO COUNSEL

    RE:    *Cynthia Joy Westbrook v. Commissioner, Social Security Administration*;
            Civil No. SAG-15-2692

Dear Counsel:

    Plaintiff Cynthia Joy Westbrook filed a motion seeking payment of $5,214.92 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 27). In response, the Commissioner argued that the Court should order a reduced fee since the hours worked were excessive. (ECF No. 28). I have considered those filings and Plaintiff's reply to the Commissioner's response. (ECF No. 31). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED.

    Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id.*

    Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

*Cynthia Joy Westbrook v. Commissioner, Social Security Administration*
Civil No. SAG-15-2692
November 29, 2016
Page 2

In this case, the Commissioner does not contest the hourly rate of $193.36, and does not contest that Plaintiff's attorneys are entitled to receive a fee under the EAJA. The Commissioner's sole contention is that working 26.97 hours on this case was unreasonable. In particular, the Commissioner contests the 13 hours spent preparing a reply to the summary judgment motion. Def. Opp. at 2.

First, I note that the total of 26.97 hours, and the total fee of $5,214.92, places this case within the heartland of cases adjudicated in this court. Courts within this circuit have held, and I agree, that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours. *See, e.g., Faircloth v. Colvin*, Civil No. 2:13-cv-156, 2014 WL 5488809, at *11 (E.D. Va. Oct. 29, 2014); *Gibby v. Astrue*, Civil No. 2:09-cv-29, 2012 WL 3155624, at * 5 (W.D.N.C. Aug. 2, 2012). Moreover, in this case, Plaintiff's reply memorandum contained extensive citations to the record and to relevant legal precedent. (ECF No. 25). Plaintiff's assertion that her attorney spent 13 hours preparing that reply memorandum is entirely credible given its content. Overall, the Commissioner provides no basis to question the billing entries claimed by Plaintiff's counsel, which appear to reasonably reflect the work performed in this case. Accordingly, Plaintiff's Motion for Attorney Fees will be GRANTED. A separate order will be filed herewith.

Despite the informal nature of this letter, it should be flagged as an opinion.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge